

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2006

# USA v. Seaton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2209

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Seaton" (2006). *2006 Decisions.* Paper 1203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2209

UNITED STATES OF AMERICA

v.

RONALD SEATON,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable Legrome D. Davis
District Court No.: 2:04-cr-00049

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

Before: SMITH and COWEN, *Circuit Judges,*
and ACKERMAN, *District Judge**[*]*

(Filed: April 28, 2006)

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Appellant Ronald Seaton was indicted, tried and convicted by a jury, and

_____

[*]The Honorable Harold A. Ackerman, Senior District Judge for the District of New
Jersey, sitting by designation.

sentenced on three counts: possession with intent to deliver cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Seaton argues that the District Court erred by not granting: (1) his Discovery Motion for the identity of a confidential informant who supplied information supporting a warrant application; (2) his Motion to Suppress physical evidence obtained during a search pursuant to the warrant; and (3) his Motion for Judgment of Acquittal pursuant to Fed. R. Crim. Pro. 29(c). Seaton also argues that the District Court imposed an unreasonable sentence. We will affirm the judgment of the District Court in its entirety.[1]

I.

On March 7, 2002, Pennsylvania Police Officers David Tyler and John Kaisner executed a search warrant for 743 Jeffrey Street, Chester, Pennsylvania, a three-bedroom house owned by Seaton's mother, Beatrice Seaton. Tyler and Kaisner had obtained the warrant on the basis of information supplied by a confidential informant, who had told the officers that he or she had witnessed Ronald Seaton, of 743 Jeffrey Street, selling

---

[1] We have jurisdiction to review Seaton's conviction under 28 U.S.C. § 1291. We have jurisdiction to review Seaton's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1). *United States v. Booker*, 543 U.S. 220, 260 (2005) (holding that §§ 3742(a) and (b) "continue[] to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))"); *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006) (holding that "an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)").

2

packaged cocaine on a street corner in Chester and storing drugs in a bedroom in his mother's home. During the search, the officers found a loaded .25 caliber firearm on top of a dresser in a second-floor bedroom. In the top drawer of the dresser, the officers also found: (1) a partially-filled box of .25 caliber ammunition; (2) a PA identification card for Ronald Seaton with an address of 743 Jeffrey Street, Chester, PA; (3) a piece of unopened mail addressed to Ronald Seaton at that address; (4) a Laborers International Union dues receipt for Ronald Seaton; (5) a credit/ATM card for Ronald Seaton; (6) a ceramic plate subsequently found to possess cocaine residue; (7) new and unused ziplock bags; (8) a tally sheet with several names and dollar figures; and (9) a scale. In the closet of the same bedroom, among other clothing the officers found a leather coat, and inside its pocket were two clear bags containing 19.2 grams of cocaine.

At Seaton's trial, the District Court admitted the evidence from this search after denying Seaton's Motion to Suppress as well as his Discovery Motion for the identity of the confidential informant.[2]  Philadelphia Police Department Detective Christopher Lee

_____

[2]At the suppression hearing, Seaton contended that the police officers had not obtained and relied on the warrant in good faith because the confidential informant either did not exist or had fabricated the information supporting the warrant. Seaton offered as evidence for this contention his own testimony to contradict the claims of the informant. Police Officers Tyler and Kaisner testified that the confidential informant did in fact exist and that he or she had provided both officers with reliable information in the past. The officers also testified that the informant had requested that his or her identity remain confidential because of fear of retaliation against both him- or herself and his or her family, a claim which the officers found credible in light of their knowledge of the informant's activities and the City of Chester. Finally, the officers testified that disclosing the informant's identity would ultimately hinder the flow of investigative information to the Chester police.

testified as an expert witness that this physical evidence was consistent with the distribution of cocaine and that the loaded firearm could provide protection of the drugs, associated money, and the drug dealer. Vincent and James Seaton, two brothers of Ronald Seaton, testified that Ronald Seaton was one of three residents of the house at the time of the search, including also their mother, Beatrice, and a fourth brother, Michael. Vincent and James also testified that each resident had his or her own bedroom and that Ronald was the sole resident of the bedroom in which the drugs and firearm were found at the time of the search. Finally, Gregory Jefferies, who was Seaton's cellmate at the Federal Detention Center in Philadelphia prior to the trial, testified that Seaton had told him: (1) that the firearm found by the police had been given to him by a man named Bill Reed; (2) that Bill Reed had also supplied drugs to Seaton; and (3) that Seaton used the scale and bags seized by the police to weigh and bag the drugs and then distribute them.

Following his conviction on all three counts, Seaton faced a total federal sentencing guideline range of 322-387 months of imprisonment in light of two prior state felony drug convictions and the consecutive mandatory minimum sentence of 60 months imprisonment for the possession of a firearm in furtherance of a drug trafficking crime. Seaton argued to the District Court that a sentence in this range would overrepresent the gravity of his offense and that similarly-situated defendants in state courts would receive substantially lesser sentences in these circumstances. After considering these arguments, the District Court set a sentence of 240 months, representing a downward departure of 82

months from the bottom of the guideline range.

## II.

With respect to Seaton's Discovery Motion, we find no abuse of discretion[3] in the District Court's judgment that in the circumstances of this case, Seaton failed to make an adequate showing of a need to know the identity of the confidential informant which outweighed the public's interest in the continued flow of investigative information and the informant's interest in avoiding retaliation. *See Roviaro v. United States*, 353 U.S. 53, 59-61 (1957); *Brown*, 3 F.3d at 678-80; *United States v. Jiles*, 658 F.2d 194, 198-99 (3d Cir. 1981). Seaton's Discovery Motion was based on the contention that either the confidential informant did not exist or that the informant had fabricated the information used to support the warrant application. Seaton supported this contention solely with his own self-serving testimony, which contradicted the information supplied by the informant. The District Court was entitled to find credible the testimony of Police Officers Tyler and Kaisner and to find that Seaton's self-serving testimony was not credible. Accordingly, we will affirm the District Court's judgment that Seaton had not made an adequate showing to support his Discovery Motion.[4]

---

[3]We review a District Court's denial of a motion for disclosure of a confidential informant's identity for abuse of discretion. *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993).

[4]Indeed, we note that if a defendant could establish his need to know the identity of the confidential informant merely by providing self-serving testimony that contradicted the information obtained from the informant, it would eviscerate the balancing rule established by the Supreme Court in *Roviaro* and our court in *Brown* and *Jiles*.

5

With respect to Seaton's Motion to Suppress, we find no clear error[5] in the District Court's findings that there were no material misrepresentations in the affidavit filed in support of the search warrant and that the officers who executed the warrant reasonably and justifiably relied on its validity. Again, the District Court was entitled to find the hearing testimony of Police Officers Tyler and Kaisner credible, and subsequently to rely on their testimony to reach these findings. Accordingly, we will affirm the District Court's denial of the Motion to Suppress.[6]

With respect to Seaton's Motion for Judgment of Acquittal,[7] in light of the physical evidence identifying Seaton, the testimony of Vincent Seaton and James Seaton identifying Seaton as the sole resident of the bedroom, and the testimony of Seaton's cellmate Gregory Jefferies, we hold that a rational trier of fact could have found that the government had established the elements of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)

---

[5]We review a District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review over the District Court's application of law to fact. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[6]Because of our resolution of this issue on the merits, we need not address the government's argument that Seaton did not have standing to raise this challenge. We note, however, the inconsistency between the government's claim that Seaton did not reside in the bedroom for the purpose of arguing that he had no reasonable expectation of privacy and the government's claim that Seaton did reside in the bedroom for the purpose of arguing that he was not entitled to a judgment of acquittal.

[7]On review of a Rule 29(c) motion, we will sustain a jury verdict if, viewing the evidence in a light most favorable to the government, a rational trier of fact could have found that the government established the elements of the crime beyond a reasonable doubt. *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

(possession with intent to deliver cocaine) and 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon) beyond a reasonable doubt.  Similarly, in light of Jefferies' testimony and of the facts that the firearm was found loaded, on top of a dresser containing additional ammunition as well as paraphernalia used to distribute cocaine, and was illegally possessed by Seaton, we hold that a rational trier of fact could have found that the government established all of the elements of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime) beyond a reasonable doubt.  *See United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (enumerating the factors relevant to a finding that the defendant's possession of a firearm actually furthered the drug trafficking offense).  Consequently, we will affirm the District Court's denial of Seaton's Motion for Judgment of Acquittal.

Finally, we hold that the sentence imposed by the District Court was not unreasonable.[8]  The District Court considered the factors raised in Seaton's Sentencing Memorandum and consequently imposed a sentence which was 82 months below the bottom of the applicable guideline range.  Accordingly, we find that the District Court properly exercised its sentencing discretion after full consideration of the applicable sentencing factors as enumerated in 18 U.S.C. § 3553(a), and we will affirm the District Court's judgment as to Seaton's sentence.

---

[8]We review the District Court's sentence determination for unreasonableness, as guided by the factors enumerated in 18 U.S.C. § 3553(a).  *See Booker*, 543 U.S. at 261-62; *Cooper*, 437 F.3d at 326-27.

In sum, for the reasons set forth above, we will affirm the District Court's judgment in its entirety.