OPINION
PER CURIAM.
Ronald Seaton appeals from an order of the United States District Court for the District of New Jersey dismissing his ha-beas corpus petition for lack of jurisdiction.
Following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Seaton was convicted of possession with intent to deliver cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. He was sentenced to 240 months in prison. We affirmed the judgment of conviction and sentence. United States v. Seaton, 178 Fed.Appx. 172 (3d Cir.2006). Seaton filed a 28 U.S.C. § 2255 motion to vacate, which the sentencing court denied on its merits. United States v. Seaton, Crim. Action No. 04-00049 (E.D. Pa. June 12, 2007). Seaton did not appeal.
On July 31, 2009, while incarcerated at the Federal Correctional Institution at Fairton, New Jersey, Seaton filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Jersey. In the § 2241 petition, he claimed that he was wrongly sentenced as a career criminal offender based on his conviction for simple drug possession, he was sentenced under a sentencing guideline that did not exist, and he was wrongly sentenced to consecutive terms of imprisonment on his firearms charges when he *272 should have been exempt from consecutive sentencing under 18 U.S.C. § 924(c)(1)(A). Seaton contended that he should be permitted to pursue habeas relief through § 2241 because § 2255 is inadequate and ineffective to attack his conviction and sentence.
The District Court dismissed the § 2241 petition for lack of jurisdiction, ruling that § 2255 could not be considered ineffective or inadequate to test the legality of Sea-ton’s sentence. Moreover, the court determined that because Seaton’s first § 2255 motion to vacate was denied on its merits, he had to obtain leave from this Court to file a second or successive § 2255 motion in the appropriate court. Seaton timely appealed.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review the District Court’s judgment de novo. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir.2002). Motions pursuant to § 2255 “are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.” Id. at 120. A prisoner may bring such a challenge in a petition under § 2241 only where the remedy provided under § 2255 is inadequate or ineffective to test the legality of the detention. See § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002). A motion under § 2255 is inadequate or ineffective “only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.” Cradle, 290 F.3d at 538. “Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.” Id. at 539.
We agree with the reasons given by the District Court for dismissing the petition. Seaton has not shown that § 2255 is inadequate or ineffective to test the legality of his sentencing claims. See Okereke, 307 F.3d at 120-21. The “safety valve” provided under § 2255 is extremely narrow and has been held to apply in rare circumstances, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir1997)). Such is not the case here. The exception identified in In re Dorsainvil is simply inapplicable, and Seaton may not seek relief under § 2241. His only recourse is to request our permission to file a second or successive § 2255 motion in the sentencing court in the Eastern District of Pennsylvania. See §§ 2255(h) and 2244(b)(3)(A).
Upon thorough review of Seaton’s arguments in support of his appeal, we conclude that his actual innocence claim is meritless.[1] Absent any demonstration of new reliable evidence of his factual innocence, Seaton cannot show that it is more likely than not that no reasonable juror would have convicted him. See House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).
Because the appeal does not present a substantial question, we will summarily af *273 firm the judgment of the District Court. See Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

. Seaton's claim alleges that because he is actually innocent of the crimes for which he was convicted, the denial of his § 2241 petition for lack of jurisdiction constitutes a miscarriage of justice.