ALD-123                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2987
_____

RONALD SEATON,
                                                  Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. No. 1-14-cv-02331)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: March 19, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ronald Seaton appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons below, we will summarily affirm the District Court's order.

In 2004 Seaton was convicted of drug trafficking and firearms charges by a jury in the District Court for the Eastern District of Pennsylvania. Because he had two prior felony drug convictions, he was sentenced as a Career Criminal Offender to 240 months in prison after the District Court departed downward by 82 months from the bottom of Seaton's guidelines range. We affirmed his conviction and sentence on appeal. See United States v. Seaton, 178 F. App'x 172 (3d Cir. 2006). Seaton filed a motion pursuant to 28 U.S.C. § 2255 which the District Court denied on the merits.

In July 2009, Seaton filed a petition pursuant to 28 U.S.C. § 2241 in which he argued that he was wrongly sentenced as a career criminal offender. The District Court dismissed the petition for lack of jurisdiction, and we affirmed. See Seaton v. Schultz, 359 F. App'x 271 (3d Cir. 2009). In April 2014, Seaton filed the instant § 2241 petition in which he again challenges his sentence as a career criminal offender. The District Court dismissed the petition for a lack of jurisdiction, and Seaton filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." Cradle, 290 F.3d at 538. We have explained:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted). Seaton has not shown that a § 2255 motion would be inadequate or ineffective. He argues that our decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), allows him to proceed via § 2241 because he did not have an earlier opportunity to raise this claim. In Dorsainvil, we held that a defendant may proceed via § 2241 when a subsequent statutory interpretation renders the defendant's conduct no longer criminal. Id. at 251. Here, Seaton is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and he may not proceed under § 2241. See Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002) (petitioner barred from proceeding under § 2241 because his argument related to sentencing rather than the criminality of his conduct).

While we do not reach the merits of Seaton's claims, it appears that he is mistaken about his prior conviction. Seaton argues that his 1997 conviction was for simple possession of a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(16) and should not have been used as a predicate offense for his Career Criminal Offender status. He contends that the sentencing court "employed the hypothetical approach" and turned his conviction for possession of controlled substance into a conviction for

3

violating 35 Pa. Stat. Ann. § 780-113(a)(30), which prohibits in relevant part "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." However, according to the Delaware County Court of Common Pleas electronic docket available online, Seaton pleaded guilty in February 1997 to violating subsection (a)(30). Seaton does not dispute that his earlier, 1994 conviction for violating subsection (a)(30) qualifies as a predicate offense. To the extent that the online docket is correct, Seaton's claims are without merit.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.